Sassan **PARINEJAD**, et al.

v.

**UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT DIVISION OF the DEPARTMENT OF HOMELAND SECURITY, et al.**

**Civil Action No. 07–10432–RGS.**

United States District Court,
D. Massachusetts.

Aug. 21, 2007.

Kerry E. Doyle, Graves & Doyle, Anthony Mirenda, Justin N. Saif, Kristopher N. Austin, Foley Hoag LLP, Boston, MA, Mary P. Holper, Clinic/Boston College Immigration Project, Newton, MA, Michael P. Martel, Lynn, MA, for Sassan Parinejad, et al.

Mark J. Grady, United States Attorney's Office, Boston, MA, for United States Immigration and Customs Enforcement Division of the Department of Homeland Security, et al.

## MEMORANDUM AND ORDER ON NOTICE OF DISMISSAL AND MOTION TO INTERVENE

STEARNS, District Judge.

At issue in this putative class action is the mandatory detention provision of the Immigration and Nationality Act (INA), 8 U.S.C. § 1226(c). On March 2, 2007, Sassan Parinejad (Parinejad)[1] and two organizations that represent indigent aliens, the Political Asylum/Immigration Representation Project (PAIR) and the Catholic Legal Immigration Network, Inc. (CLINIC), filed this action seeking a determination that Parinejad and similarly-situated aliens are not subject to the mandatory detention provision of section 1226(c). In addition, Parinejad filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. On May 31, 2007, respondents moved to dismiss for lack of subject matter jurisdiction, lack of standing as to PAIR and CLINIC, and for failure to state a claim upon which relief may be granted. On June 8, 2007, Parinejad filed a motion to show cause why his habeas petition should not be allowed. Less than one week later, on June 14, 2007, all plaintiffs filed a joint motion for summary judgment. A hearing was held on July 12, 2007. With the parties' assent, the court heard arguments on only the petition for writ of habeas corpus.

---

1. Plaintiff Andre Calcano filed a stipulation of dismissal on July 9, 2007.

The issues of whether this court has jurisdiction over the remaining claims, and whether PAIR and CLINIC have standing, were left for resolution, if necessary, at a later date. In the interim, the court indicated that it would accept briefings and arguments from PAIR and CLINIC in the posture of *amicus curiae.*

On August 2, 2007, on the eve of the court's issuing a decision on the merits of the habeas petition, Parinejad filed a notice of dismissal, stating that he had been released from custody on July 27, 2007. Parinejad's dismissal left as potential plaintiffs only PAIR and CLINIC, thereby necessitating a ruling on the issue of whether these organizations have standing to continue the prosecution of the claims asserted by Parinejad. On August 6, 2007, Miklos Bilecz (Bilecz), also a section 1226(c) detainee, filed a motion to intervene and to be substituted as the named individual plaintiff.[2]

### DISCUSSION

■ Before turning to the issue of whether PAIR and CLINIC have standing, the court must first determine whether it has jurisdiction over the claims presented. The REAL ID Act (RIDA), 8 U.S.C. § 1252(g), stripped district courts of jurisdiction over most matters pertaining to immigration. It provides:

> Except as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, United States Code, or any other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdic-

tion to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

8 U.S.C. § 1252(g). RIDA, however, did not bar "pure" habeas petitions such as the one brought by Parinejad. *See Hernandez v. Gonzales,* 424 F.3d 42, 42–43 (1st Cir. 2005) (a habeas petition challenging "only the petitioner's detention rather than his removal" is not barred by the provisions of RIDA). Accordingly, it is clear that the only claim over which this court has jurisdiction is the petition for writ of habeas corpus.

■ The next issue to resolve is whether PAIR and CLINIC have standing to maintain a petition for writ of habeas corpus without Parinejad's presence as a party to the suit. In 1948, Congress amended the federal habeas statute to permit a third party to file an application for habeas relief on behalf of another person. *See Lehman v. Lycoming County Children's Servs. Agency,* 458 U.S. 502, 523, 102 S.Ct. 3231, 73 L.Ed.2d 928 (1982); *see also* 28 U.S.C. § 2242 (providing that a third-party application for habeas relief is actionable if it is "signed and verified by the person for whose relief it is intended or by someone acting in his behalf."). The Supreme Court has since clarified that a "next friend" who files a habeas petition on behalf of another person must provide an adequate explanation, such as inaccessibility, mental incompetence, or other disability, why the real party in interest cannot appear on his own behalf.[3] *See Whitmore*

---

**2.** On August 2, 2007, Houng Saysana, another section 1226(c) detainee, filed a motion to intervene. However, he withdrew the motion on August 16, 2007.

**3.** An individual who asserts the constitutional rights of a third party must also satisfy the Article III requirements of injury in fact, causation, and redressability with respect to the

third party claim. *See Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.,* 454 U.S. 464, 472, 102 S.Ct. 752, 70 L.Ed.2d 700 (1982). In addition, that party must satisfy the prerequisites that arise from prudential limitations on the jurisdiction of the federal courts, namely, that the litigant personally has suffered an injury in fact that

*v. Arkansas,* 495 U.S. 149, 163, 110 S.Ct. 1717, 109 L.Ed.2d 135 (1990). Of course, consistent with the whole concept of habeas corpus, " 'one who so signs and verifies does not thereby become the applicant'; the person under detention remains the real party in interest." *Lehman,* 458 U.S. at 523, 102 S.Ct. 3231 (citation omitted).

As Parinejad, by virtue of his release from custody, has no cognizable interest in the outcome of the petition, the third-party habeas rule is no longer in play (even assuming that the test for its application could be met by PAIR and CLINIC). PAIR and CLINIC cannot maintain a petition for habeas relief on their own behalf, as they are not "persons" who have been detained. Nor can they maintain a preemptive petition for relief on behalf of an unknown client whose detention by authorities has yet to materialize. The purpose of the Great Writ is to compel the production of the "body" of a person unlawfully detained. If the body is free, there is nothing to compel.

## ORDER

For the foregoing reasons, the matter is *DISMISSED* in its entirety pursuant to Parinejad's notice of dismissal. Bilecz's motion to intervene is *DENIED,* as there was no action in which to intervene as of the date that his motion was filed. Should he wish to pursue his claims, Bilecz must file his own lawsuit. Saysana's motion to intervene will be *TERMINATED* as *MOOT.*

SO ORDERED.

gives rise to a sufficiently concrete interest in the adjudication of the third party's rights; that the litigant has a sufficiently close relationship to the third party; and that some hindrance exists that prevents the third party from protecting its own interests. *Powers v. Ohio,* 499 U.S. 400, 411, 111 S.Ct. 1364, 113 L.Ed.2d 411 (1991).